UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Donald Ray Clifford,                         Bankr. No. 00-40618

                Debtor.

Donald Ray Clifford,                                 Civ. File No. 05-537 (PAM)

                Appellant,

v.                                                   **MEMORANDUM AND ORDER**

Chapter 13 Trustee, Michael J. Farrell,

                Respondent.

---

This matter is before the Court on an appeal from the United States Bankruptcy Court, and on the Board of Pensions of the Evangelical Lutheran Church in America's ("ELCA Board of Pensions") Motion to Intervene in the above appeal or in the alternative, for leave to file as amicus curiae.  For the following reasons, the Motion to Intervene is granted and the Bankruptcy Court's Order is affirmed.

Debtor and Appellant Donald Ray Clifford, sought to exclude his pension fund from his bankruptcy estate under Minnesota law.  His pension fund is employer-funded and held by the ELCA Retirement Plan and Trust ("the Retirement Plan"), which is owned and administered by the ELCA Board of Pensions.  The Bankruptcy Court determined that the pension fund was not excludable from the bankruptcy estate under 11 U.S.C. § 541.  In reaching this conclusion, the Bankruptcy Court determined that the anti-alienation provisions of the Retirement Plan were not enforceable under Minnesota law.

**DISCUSSION**

**A.     Standard of Review**

This Court has jurisdiction over final orders entered by the Bankruptcy Court.[1]  28 U.S.C. § 158(a)(1).  On appeal from a bankruptcy court proceeding, this Court reviews that court's legal conclusions de novo and its factual findings under a clearly erroneous standard. See Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir. 1997).

**B.     Motion to Intervene**

Clifford filed this appeal.  The ELCA Board of Pensions, which claims it is the settlor of the Retirement Plan which holds Clifford's pension fund, was not included by the Trustee, Michael Farrell, as a party in the underlying bankruptcy action.  The ELCA Board of Pensions argues that the implications of the bankruptcy court's decision not only affect Clifford, but potentially affect all Retirement Plan participants and the tax status of the Retirement Plan.  Thus, it seeks to intervene.

Neither Clifford nor the Trustee object to the ELCA Board of Pensions's Motion to Intervene.  The bankruptcy court's determination may ultimately require the ELCA Board of Pensions to turn over Clifford's pension funds.  This may subsequently require the ELCA Board of Pensions to violate the Retirement Plan's anti-alienation provisions, as well as threaten the Retirement Plan's tax status.  Accordingly, the Court finds it appropriate to permit the ELCA Board of Pensions to intervene in this appeal.  See, e.g. In re Perkins, 902 F.2d

---

[1] The parties do not dispute the finality or appealability of the bankruptcy court's order.

1254, 1257 (7th Cir. 1990) (allowing retirement trust to intervene in appeal of order that required retirement trust to turn over debtor's pension fund); S. Cal. Permanent Med. Group v. Ehrenberg (In re Moses), 215 B.R. 27, 34-35 (B.A.P. 9th Cir. 1997) (pension trust had standing to appeal bankruptcy court order that determined pension fund was not exempt from debtor's estate and ordered turnover of such funds).

**C.     11 U.S.C. § 541(c)(2)**

Generally, all property interests of the debtor are included in the bankruptcy estate. See 11 U.S.C. § 541(a). However, a debtor's property interest may be excluded from the bankruptcy estate. See 11 U.S.C. § 541(c)(2). Specifically, if the property interest contains "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law," that restriction on the transfer is likewise enforceable under bankruptcy law and therefore the property is excludable from the bankruptcy estate. Id. The United States Supreme Court has determined that "applicable nonbankruptcy law" includes both state and federal law. See Patterson v. Shumate, 504 U.S. 753, 758 (1992).

In Patterson, the Supreme Court determined that Employment Retirement Income Security Act ("ERISA") qualified pension plans were excluded from a debtor's bankruptcy estate under § 541(c)(2). An ERISA qualified pension plan must provide that the benefits under the plan may not be assigned or alienated. See 29 U.S.C. § 1056(d)(1); see also 26 U.S.C. § 401(a)(13) (discussing tax requirements for ERISA qualified trust). In Patterson, the pension plan complied with those requirements. See 504 U.S. at 759-60. ERISA further imposes obligations on the trustees or fiduciaries to comply with the terms of the pension

3

plan, see 29 U.S.C. § 1104(a)(1)(D), and provides a plan participant or beneficiary with a civil cause of action to "enjoin any act or practice" that violates ERISA or the terms of the pension plan, see 29 U.S.C. § 1132(a)(3) and (5). Accordingly, the Supreme Court determined that the anti-alienation provisions of the pension plan were enforceable under ERISA, and thus the debtor's pension funds were excluded from the bankruptcy estate under § 541(c)(2). Patterson, 504 U.S. at 760-61.

To determine whether the exclusion of § 541(c)(2) applies, the Court must conduct a three-part inquiry: "First, does the debtor have beneficial interest in a trust? Second, is there a restriction on the transfer of that interest? Third, is the restriction enforceable under non-bankruptcy law?" In re Wendt, 320 B.R. 904, 908 (Bankr. D. Minn. 2005) (Kishel, J.). The parties agree that the Retirement Plan contains anti-alienation language. The parties only dispute whether the anti-alienation provisions of the Retirement Plan are enforceable under non-bankruptcy law.

1. ERISA-Qualified Plan

Clifford and the ELCA Board of Pensions (collectively, "Appellants") first argue that Clifford's pension funds are exempt because the Retirement Plan is akin to an ERISA-qualified plan, and under Patterson, is exempt. However, the Retirement Plan qualifies as a "church plan," and is therefore no bound by ERISA. See 26 U.S.C. § 403(b); see also In re Wendt, 320 B.R. at 906. Because the Retirement Plan is not required to comply with ERISA, the Retirement Plan does not have the force of a non-bankruptcy law behind it. There are no substantive rights for the debtor to enforce and therefore under Patterson, the Retirement Plan

4

does not contain anti-alienation provisions enforceable under non-bankruptcy law. Appellants' objection on this point is denied.

2.  Spendthrift Trust

Appellants next argue that the Retirement Plan is a spendthrift trust under Minnesota law and therefore subject to exclusion under § 541(c)(2). Under Minnesota law, spendthrift trusts are enforceable and exempt from the claims of the donee's creditors. See In re Trust Created Under Agreement with McLaughlin, 361 N.W.2d 43, 45 (Minn. 1985). No specific words are required to create a spendthrift trust, however, it must be clear that the settlor of the trust intended to restrain alienation and assignment. See Drewes v. Schonteich, 31 F.3d 674, 677-78 (8th Cir. 1994); see also In re Moulton's Estate, 46 N.W.2d 667, 670 (Minn. 1951). Furthermore, the settlor of the trust cannot be the beneficiary nor may the beneficiary have control over the trust. See Drewes, 31 F.3d at 677-78; Humphrey v. Buckley (In re Swanson), 873 F.2d 1121, 1123 (8th Cir. 1989); see also Simmonds v. Larison (In re Simmonds), 240 B.R. 897, 899 (B.A.P. 8th Cir. 1999) (discussing Minnesota spendthrift trust law).

The Trustee submits that the Retirement Plan is not a spendthrift trust under Minnesota law. First, he contends that Clifford is both the beneficiary and settlor of the trust. See In re Simmonds, 240 B.R. at 899 ("We believe that Minnesota courts would not recognize a trust as a spendthrift trust where the settlor is also the beneficiary"). Second, the Trustee submits that the provisions of the Retirement Plan do not restrict alienation as required. Finally, he contends that Clifford, as the beneficiary, possesses control over the property interest.

Although the Retirement Plan contains anti-alienation provisions, the fact is that

5

Clifford, as an employee participant of the Retirement Plan, is not a donee beneficiary. First, Clifford minimally contributed to the funds of the Retirement Plan prior to 1988. Second, the employer's contributions to the funds of the Retirement Plan would not have been made but for Clifford's employment. Indeed, the contributions are a form of employee compensation. See, e.g., Halverson v. Mico, Inc. (In re Loe), 83 B.R. 641, 645 (Bankr. D. Minn. 1988) (O'Brien, J.). These funds are taxed on distribution and clearly constitute tax-deferred income. See e.g., In re Swanson, 873 F.2d at 1124; see also In re Fritsvold, 115 B.R. 192, 195 (Bankr. D. Minn. 1990) (O'Brien, J.).

Furthermore, plan members can direct the investment of contributions and retain control over the trust corpus. For example, during employment, a plan member may make limited withdrawals after he or she has reached the age of 59 ½, and may apply for withdrawal "in case of hardship" or in "case of disability." Such control, although limited, is inconsistent with Minnesota spendthrift trust law. Moreover, the terms of the Retirement Plan provide that the funds may be subject to a "qualified domestic relations order," which directly contravenes spendthrift trust law precedent. See Iannacone v. Tr. of Pillsbury Co. Stock Purchase & Inv. Plan (In re Hansen), 84 B.R. 598, 602 (Bankr. D. Minn. 1989) (Kishel, J.) ("the law in Minnesota since 1936 has been that spendthrift trust cannot be reached by claims of alimony or support"); see also Erickson v. Erickson, 266 N.W. 161, 165 (Minn. 1936) ("[t]he donee's obligation to pay alimony or support money, paramount though it may be, should not, in our opinion, transcend the right of the donor to do as he pleases with his own property and to choose the object of his bounty").

6

Accordingly, the Retirement Plan fails to comply with the requirements of Minnesota spendthrift trust law. Although the Court is cognizant that public policy considerations emphasize protecting pension benefits, see, e.g., Whetzal v. Alderson., 32 F.3d 1302, 1304 (8th Cir. 1994), the law is clear that such funds are excluded under § 541(c)(2) only if the anti-alienation provisions are enforceable under non-bankruptcy law. Because the Retirement Plan in the instant case is not governed by ERISA, the Court must look to state law to enforce the anti-alienation provisions. Unfortunately, the anti-alienation provisions of the Retirement Plan fail to comply with law that governs spendthrift trusts. Because Clifford's pension funds are not held in a trust with anti-alienation provisions enforceable under non-bankruptcy law, Clifford's pension fund fails to qualify for the § 541(c)(2) exclusion.[2]

---

[2] The Court notes that inapplicability of the § 541(c)(2) exclusion does not render Clifford without recourse. As the Trustee suggests, Clifford may seek an exemption of these funds.

**CONCLUSION**

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

3. The ELCA Board of Pensions's Motion to Intervene (Clerk Doc. No. 3) is **GRANTED**; and

4. The Order of the United States Bankruptcy Court for the District of Minnesota is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 1, 2005

                                                        s/ Paul A. Magnuson
                                                        Paul A. Magnuson
                                                        United States District Court Judge